IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,
    Petitioner,

Case No.: 3:13cv25/MCR/EMT

SEC'Y, FLA. DEP'T OF CORR.,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the record before the court shows that the petition, construed as a new § 2254 petition, is subject to dismissal as an unauthorized "second or successive" habeas corpus application, and construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), is due to be denied.

I.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner is attacking a September 3, 2008, conviction for fraudulent use of personal identification information (Count 1), uttering a forged instrument (Count 2), grand theft (Count 3), and resisting an officer without violence (Count 4), entered in the Circuit Court of Escambia County, Florida, Case No. 2007-CF-6067 (doc. 1 at 1). He was sentenced to three consecutive 5-year terms of imprisonment on Counts 1–3, and a 1-year term of imprisonment on Count 4, to run concurrently with the sentence on Count 1 (*see id.*).

Petitioner first challenged this conviction in 2008, when he sought habeas corpus relief under 28 U.S.C. § 2254 in this court. *See* Marts v. McNeil, Case No. 3:08cv250/RV/EMT, Petition (N.D. Fla. June 16, 2008). On May 13, 2009, the petition was dismissed without prejudice for failure to exhaust state court remedies. *Id.*, Order (N.D. Fla. May 13, 2009). One year later, in July of 2010, Petitioner filed another § 2254 petition. *See* Marts v. Tucker, Case No. 3:10cv240/LAC/EMT, Petition (N.D. Fla. July 7, 2010). That petition was denied on May 17, 2012. *Id.*, Order (N.D. Fla. May 17, 2012). Petitioner appealed the decision to the Eleventh Circuit, Case No. 12-12950. *Id.*, Order (N.D. Fla. May 30, 2012). The Eleventh Circuit denied Petitioner's motion for certificate of appealability on October 18, 2012, and denied Petitioner's motion for reconsideration on December 4, 2012. *See Id.*, Order (11th Cir. Oct. 18, 2012), Order (11th Cir. Dec. 4, 2012).

The instant petition followed. The petition attacks the same 2008 conviction in the Escambia County Circuit Court, Case No. 2007-CF-6067, and asserts three grounds for relief:

> Ground One: The state and federal courts lacked personam jurisdiction to have administratively enforced personam judgement(s) [sic] to maintained [sic] convictions, that is voided by Double Jeopardy proscribes [sic] and fundamental due process standards pursuant to U.S.C.A. 4th, 9th, 14th; Title 28 U.S.C. § 2254(B)(i)(ii) [sic]; 18 U.S.C. § 401(1)(2)(3); 18 U.S.C. § 3731; 28 U.S.C. § 1291; 28 U.S.C. § 2248(1); Federal Rules of Civil Procedure 12(b); 60 (b)(4).
>
> Ground Two: The state and federal court enforcement of felony conviction in spite of patent record evidence that substantiate [sic] a constructive denial of pretrial/trial appellate counsel(s) [sic] by structural defects in which divests both courts of personam jurisdiction to render the personam judgements [sic] in violation of U.S.C.A. 6th, 14th; Title 28 U.S.C. § 2254(B)(i)(ii) [sic]; 18 U.S.C. § 401(1)(2)(3); 18 U.S.C. § 3731; 28 U.S.C. § 1291; 28 U.S.C. § 2248(1); Federal Rules of Civil Procedure 12(b); 60 (b)(4); 18 U.S.C. § 242.
>
> Ground Three: The state court personam judgment [sic] to enforce felony sentences(s) in absence of personam jurisdiction subjects Petitioner to punishment through court(s) administrative authority in violation of U.S.C.A. 5th, 8th, 9th, 14th; 28 U.S.C. § 2254(B)(i)(ii) [sic]; 18 U.S.C. § 242.

(doc. 1 at 6–11). On June 11, 2013, the undersigned issued an order advising Petitioner of the statutory requirement that "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application" (doc. 18 at 2 (citing 28 U.S.C. § 2244(b)(3)(A)). The undersigned

directed Petitioner to demonstrate he had obtained the requisite certification from the Eleventh Circuit (doc. 18 at 2). Petitioner filed a response titled, "Petitioner [sic] Statement on Why the Application for Writ of Habeas Corpus Should not be Dismiss [sic] as Second or Successive W/Motion to Strike Grounds Two/Three in Application for Writ of Habeas Corpus" (doc. 19). Petitioner contends the district court and the Eleventh Circuit failed to adjudicate a double jeopardy claim asserted in his habeas petition in Case No. 3:10cv240/LAC/EMT (*id.* at 1–2). He contends this failure constitutes actual fraud and divested the courts of jurisdiction to enter judgment; therefore, the petition in Case No. 3:10cv240/LAC/EMT does not count as a first petition for purposes of determining successor status (*id.*). Petitioner requests that the court strike Grounds Two and Three of the instant petition, and construe Ground One as a Rule 60(b)(4) motion directed at the judgment in Case No. 3:10cv240/LAC/EMT (*id.* at 2–3). Petitioner's having abandoned Grounds Two and Three of his petition, the undersigned will determine whether the court has jurisdiction to entertain Ground One as a Rule 60(b) motion.

II.     ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A state prisoner's Rule 60(b) motion for reconsideration of his § 2254 petition may be construed as a second or successive petition where it advances one or more claims, as defined in 28 U.S.C. § 2244. *See* Gonzalez v. Crosby, 545 U.S. 524, 530–31, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). However when a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings" it should not be treated as a successive habeas petition. *Id.*, 545 U.S. at 532. For example, "[a] motion that . . . challenges only the District Court's failure to reach the merits . . . can therefore be ruled upon by the District Court without precertification by the Court of Appeals . . . ." *Id.* at 538. The issue of whether or not a district court has jurisdiction to entertain a Rule 60(b) motion is determined based on the nature of any arguments contained in the motion, and without regard for their validity. *See Id.* at 535–36.

Petitioner argues in his response addressing the successiveness issue, that the district court and the Eleventh Circuit failed to address the merits of the double jeopardy claim raised in his habeas petition in Case No. 3:10cv240/LAC/EMT; therefore, Ground One of the instant petition is a proper Rule 60(b)(4) motion (doc. 19 at 1–2). In Ground One of the instant petition, Petitioner alleges his state conviction violated double jeopardy because the trial court declared a mistrial, discharged the jury, and ordered Petitioner involuntarily committed to a mental health facility on February 27, 2008, without a competency hearing or a psychological report, and then retried him on September 3, 2008, again without a competency evaluation or hearing (doc. 1 at 7–8). Insofar as Petitioner argues the district court failed to consider the double jeopardy claim he raised in his § 2254 petition in Case No.3:10cv240/LAC/EMT, that argument does not attack the district court's merits determinations; therefore, the court has jurisdiction to consider the argument. *See* Gonzalez, 545 U.S. at 538; *see also, e.g.,* Santa v. United States, 492 F. App'x 949 (11th Cir. 2012) (unpublished) (federal prisoner's motion for relief from judgment, in which he argued that the district court failed to consider all of the claims he raised in his motion to vacate, was not a successive motion to vacate, and the district court had jurisdiction to consider it; prisoner's argument did not attack the district court's merits determination but, rather, challenged only the district court's failure to reach the merits).

Rule 60(b) provides, in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;


(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Petitioner's only ground for reopening the 2012 judgment is that the district court failed to consider the double jeopardy claim he raised therein. Petitioner invokes Rule 60(b)(4). Upon review of Petitioner's claims asserted in his habeas petition in Case No. 3:10cv240/LAC/EMT, it is evident that Petitioner did not present the double jeopardy claim that he now contends the district court failed to address. The entirety of Petitioner's double jeopardy claim in Case No. 3:10cv240/LAC/EMT was the following:

> Ground Two: Petitioner is held in custody of Florida Department of Corrections on a voided judgement [sic], that violated Fifth Amendment Double Jeopardy provision of Federal Constitution, due to unavailability of an adequate state corrective process to protect his constitutional rights by Title 28 U.S.C. § 2254(B)(i)(ii) [sic].
>
> (2) Petitioner alleges the trial court and prosecutor adjudication [sic] that voids bill of information in pre–trial [sic], null and voided [sic] all subsequent procedures including jurors verdict of guilt, sentence, any post conviction application because nothing is available to review or for judgement [sic].
>
> (3) The Petitioner alleges intermediate and Florida Supreme Court case history as reference on Page 3-A herein illustrates by adjudication courts has [sic] no jurisdiction because the voided judegment [sic] leaves nothing to review.
>
> (4) Petitioner alleges the conviction, sentence and administrative affirmance thereto on a voided judgement [sic] subjects him to double punishment without a legal cause.
>
> (5) Petitioner alleges the voided judgment [sic] leaves nothing for review, therefore his application challenges not the conviction, but unavailability of state court process that holds him in custody in contrast with his federal protected rights.

<u>Marts</u>, Case No. 3:10cv240/LAC/EMT, Second Amended Petition, Doc. 47 at 9–10. Petitioner never made the double jeopardy argument he raises in Ground One of the instant petition, that is, the trial court declared a mistrial, discharged the jury, and ordered Petitioner involuntarily committed to a mental health facility on February 27, 2008, without a competency hearing or a

psychological report, and then retried him on September 3, 2008. Because Petitioner did not raise it in his 2010 petition, the court did not err by failing to address it. Further, the court addressed and denied the double jeopardy claim asserted in Petitioner's 2010 petition. Therefore, Petitioner failed to show he is entitled to Rule 60(b) relief.

Insofar as Petitioner presents a new claim for relief, that his September 3, 2008 trial after the February 27 mistrial violated the Double Jeopardy Clause, the district court does not have jurisdiction to review it. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents § 2244(b)(2)'s requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts, as well as the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. Gonzalez, 545 U.S. at 531–32; Franqui v. Fla., 638 F.3d 1368, 1371 (11th Cir. 2011) (Rule 60(b) cannot be used by habeas petitioners to raise new claims for habeas relief, because this use would circumvent the AEDPA requirement that a petitioner obtain approval of the appropriate court of appeals before filing a second or successive habeas petition). Therefore, to the extent Petitioner raises a double jeopardy challenge to his 2008 conviction and sentence on the ground that the trial court declared a mistrial, discharged the jury, and ordered Petitioner involuntarily committed to a mental health facility on February 27, 2008, without a competency hearing or a psychological report, and then retried him on September 3, 2008, the court lacks subject matter jurisdiction to consider it.[1] See Franqui, 638 F.3d at 1375.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

---

[1] As previously noted, the court provided Petitioner an opportunity to demonstrate he obtained the Eleventh Circuit's authorization to file the instant petition (doc. 18), and he failed to do so.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That insofar as Petitioner's habeas petition presents a new claim for relief, the petition (doc. 1) be **DISMISSED**.

2.  That insofar as Petitioner's habeas petition presents a claim that the district court failed to consider the double jeopardy claim Petitioner raised in his § 2254 petition in Case No.3:10cv240/LAC/EMT, the petition (doc. 1), construed as a Rule 60(b) motion for relief from judgment, be **DENIED**.

3.  That this case be **DISMISSED**.

4.  That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of June 2013.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**